**UNITED STATES of America,**
**Appellee,**

v.

**Gary FAMA, Defendant–Appellant.**

**Docket No. 01–1233.**

United States Court of Appeals,
Second Circuit.

April 11, 2002.

Moria E. Casey, Douglaston, NY, For appellant.

Richard P. Donoghue, Assistant United States Attorney, David C. James, Assistant United States Attorney, of counsel, Brooklyn, NY, for Alan Vinegrad, United States Attorney for the Eastern District of New York, for Appellee.

Present MESKILL, SACK, and BRIGHT,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court, entered on April 18, 2001, be, and it hereby is, AFFIRMED.

Gary Fama, a convicted felon, appeals from a judgment of conviction sentencing him to fifty-one months' imprisonment for possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(1).

Pursuant to two search warrants, law enforcement officers searched Fama's apartment on January 26 and 27, 2000. They found, *inter alia,* a loaded revolver hidden under a pillow and a twelve-gauge shotgun hidden between the mattress and the box spring of Fama's bed. On March 22, 2000, a grand jury indicted Fama for possession of firearms by a convicted felon, 18 U.S.C. § 922(g)(1). Before trial, defense counsel moved to suppress the evidence obtained from the two searches and to exclude as unduly prejudicial the evidence that the guns were found loaded. The district court denied both motions.

The trial went forward in April 2000. On its final day, one juror advised the court that she needed to attend a funeral the following day. Over Fama's objection, the court substituted an alternate juror rather than delay jury deliberations. The jury returned a verdict of guilty. The district court sentenced Fama to the maximum term of fifty-one months' incarceration, denying his motion for a downward departure based on extenuating family circumstances.

■ Fama first argues that the search warrant applications did not establish probable cause because the supporting affidavits relied in part on anonymous tips. Probable cause exists "where 'the facts and circumstances ... [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (quoting *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)). To decide whether probable cause exists, a judicial officer must examine the totality of

---

* Of the United States Court of Appeals for the    Eighth Circuit, sitting by designation.

the circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Anonymous tips suffice to establish probable cause if they are corroborated by independent police work. *See United States v. Wagner,* 989 F.2d 69, 72–73 (2d Cir.1993).

Agents of the Federal Bureau of Investigation conducted surveillance of Fama's apartment based on anonymous tips. They observed and positively identified, by model and license plate number, two vehicles associated with Fama and with a bank robbery in which Fama was a suspect. They also observed a person of Fama's build get out of one of these vehicles and into the other. Based on this information, the FBI sought a warrant.

We "accord substantial deference to the finding of an issuing judicial officer that probable cause exists," *Wagner,* 989 F.2d at 72, asking solely "whether [he] had a *substantial basis* for the finding of probable cause," *id.* (emphasis added; citations omitted). In this case, the anonymous tips, combined with corroborative police work, provided that substantial basis. *See Gates,* 462 U.S. at 241–44, 103 S.Ct. 2317. Moreover, Fama does not allege that the issuing magistrate abandoned his detached and neutral role. Consequently, even assuming *arguendo* that the magistrate lacked a substantial basis for his probable-cause determinations, the evidence nonetheless should not have been suppressed because the agents relied in good faith on facially valid warrants issued by a neutral and detached judicial officer. *See United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

■ Second, Fama disputes the sufficiency of the evidence that he constructively possessed the firearms. We review the evidence supporting a jury verdict in the light most favorable to the government. *United States v. D'Amato,* 39 F.3d 1249, 1256 (2d Cir.1994). A conviction should not be reversed if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Fama argues that the government "failed to demonstrate that [he] was the only person with access to [the firearms]," or that "[he] and the firearms were [ever] present in the apartment at the same time." Appellant's Br. at 13–14. But the law does not require the government to disprove "every reasonable hypothesis except that of guilt." *United States v. Rivera,* 844 F.2d 916, 925 (2d Cir.1988) (citation and internal quotation marks omitted). The government introduced ample evidence from which the jury could reasonably conclude that he possessed the firearms.

■ Third, Fama argues that the district court's substitution of an alternate juror prior to deliberations deprived him of a fair and impartial jury. We review the court's decision "to replace a juror at any time before the jury retires" for abuse of discretion, *United States v. Purdy,* 144 F.3d 241, 247 (2d Cir.1998), which we generally will find only if the decision resulted in "bias or prejudice to the defendant," *id.* (internal quotation marks and citation omitted). The court's decision to substitute an alternate in order to avoid delaying the jury deliberations resulted in no prejudice to the defendant, and was well within the court's discretion. *Cf. United States v. Millar,* 79 F.3d 338, 342 (2d Cir.1996) (affirming the district court's decision to dismiss a juror whose father died suddenly during the trial).

■ Fourth, Fama challenges the government's introduction of evidence that the firearms found at Fama's apartment were loaded and operable. We review the dis-

trict court's evidentiary rulings for abuse of discretion. *See United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir.1990). Fama argues that the district court erred by admitting this alleged "prior bad acts" evidence under Fed.R.Evid. 404(b). While the government provided notice of its intent to present evidence of "uncharged misconduct" out of an "abundance of caution," Appellees Br. at 21, we agree with the government's position on appeal: that this evidence should not be reviewed under Rule 404(b) because it was not, in fact, uncharged conduct but was rather "inextricably intertwined with the evidence regarding the charged offense." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000) (internal quotation marks and citations omitted). Fama's objection thus can only be that the district court should have excluded the evidence under Fed. R.Evid. 403, i.e., because the prejudicial effect of alerting the jury to the fact that the weapons were loaded and operable outweighed its probative value for proving that Fama, rather than some other party, constructively possessed the firearms found at Fama's apartment. We cannot say that the district court abused its discretion by resolving this issue in favor of admissibility.

Finally, Fama argues that the court erred by failing to depart downwardly based on his family circumstances. A district court's decision not to depart on this basis is unappealable provided the court understood its discretion to depart. *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996). The record leaves no doubt that the court did.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.